## REESE *v.* EDWARDS, administratrix.

GILBERT, J. 1. The court did not err in sustaining the general demurrer. The allegations of the petition show an entire contract for the sale of land, the purchaser going into possession, the vendor having an option to redeem within three years.

2. Where a purchaser of land as above indicated goes into possession and (without the knowledge of, and with no agreement with the seller) obtains fire insurance on the property, payable to said purchaser, and after injury or destruction by fire collects the insurance money, the vendor has no interest in or claim on such insurance money.

3. Where the contract of such sale provided that the vendee would reconvey said premises to the plaintiff vendor if he would pay to the vendee $450 "at any time within three years," a tender within the three years, demanding a reconveyance, based upon a claim of the vendor to the insurance money, and treating such sum as payment by the vendor to the vendee, is not a valid tender under the contract.

4. Where in such a sale of land the vendor fails to redeem the land, he is no longer interested therein, and is not injured by the failure of the vendee to perform his contract to build a barn on the land.

*Judgment affirmed. All the Justices concur.*

No. 10240. JUNE 15, 1934.

*Randall Evans Jr.,* for plaintiff.
*E. P. & J. Cecil Davis,* for defendant.